UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

IN RE:

LOCAL CIVIL RULE 1.3. ADMISSION
TO THE BAR

----------------------------------------------------------x

STANDING ORDER
M10-468

**19 MISC 0002**

On September 18, 2018 the Board of Judges of the Southern District of New York approved amendments to Local Civil Rule 1.3. Admission to the Bar. These amendments took effect on October 9, 2018. The amendments are as follows:

Local Civil Rule 1.3. Admission to the Bar
(a) A member in good standing of the bar of the State of New York, or a member in good standing of the bar of the United States District Court in Connecticut or Vermont and of the bar of the State in which such district court is located, provided such district court by its rule extends a corresponding privilege to members of the bar of this Court, may be admitted to practice in this Court on compliance with the following provisions:

<u>E</u>ach applicant for admission is required to file an application for admission in electronic form **and pay the required fee through the Public Access to Court Electronic Records (PACER) system at www.pacer.gov.** This one application will be utilized both to admit and then to provide the applicant to the bar of this Court with **electronic filing privileges** for use on the Court's Electronic Case Filing (ECF) system. The applicant shall adhere to all applicable rules of admission.

**The application for admission shall state:**

    (1) applicant's residence and office address;

    (2) the **date(s)** when, and courts where, admitted;

    (3) applicant's legal training and experience;

(4) whether applicant has ever been held in contempt of court, and, if so, the nature of the contempt and the final disposition thereof;

(5) whether applicant has ever been censured, suspended, disbarred or denied admission or readmission by any court, and, if so, the facts and circumstances connected therewith;

(6) that applicant has read and is familiar with

> (a) the provisions of the Judicial Code (Title 28, U.S.C.) which pertain to the jurisdiction of, and practice in, the United States District Courts;
>
> (b) the Federal Rules of Civil Procedure;
>
> (c) the Federal Rules of Criminal Procedure;
>
> (d) the Federal Rules of Evidence;
>
> (e) the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and
>
> (f) the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York; and

(7) that applicant will faithfully adhere to all rules applicable to applicant's conduct in connection with any activities in this Court.

The **application** shall be accompanied by a certificate of the clerk of the court for each of the states in which the applicant is a member of the bar, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that state court. The **application** shall also be accompanied by an affidavit of an attorney of this Court who has known the applicant for at least one year, stating when the affiant was admitted to practice in this Court, how long and under what circumstances the attorney has known the applicant, and what the attorney knows of the applicant's character and experience at the bar.

Such **application** shall be placed at the head of the calendar and, on the call thereof, the attorney whose affidavit accompanied the **application** shall, for the Eastern District of New York,

and may, and is encouraged to, for the Southern District of New York, personally move the admission of the applicant. If the **application** is granted, the applicant shall take the oath of office and sign the roll of attorneys.

A member of the bar of the state of New York, Connecticut, or Vermont who has been admitted to the bar of this Court pursuant to this subsection and who thereafter voluntarily resigns from membership in the bar of the state pursuant to which he was admitted to the bar of this Court, and who does not within 30 days of that voluntary resignation file an affidavit with the Clerk of this Court indicating that such person remains eligible to be admitted to the bar of this Court pursuant to other provisions of this subsection (such as because he is still a member of the bar of another eligible state and, where applicable, a corresponding district court), shall be deemed to have voluntarily resigned from the bar of this Court as of the same date the member resigned from the bar of the underlying state, provided that such resignation shall not be deemed to deprive this Court of jurisdiction to impose discipline on this person, pursuant to Rule 1.5 infra, for conduct preceding the date of such resignation.

(b) A member in good standing of the bar of either the Southern or Eastern District of New York may be admitted to the bar of the other district without formal application

(1) upon **electronically filing through the PACER website** a certificate of the Clerk of the United States District Court for the district in which the applicant is a member of the bar, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that Court;

(2) an affidavit by the applicant stating

(a) whether the applicant has ever been convicted of a felony,

(b) whether the applicant has ever been censured, suspended, disbarred or denied admission or readmission by any court,

(c) whether there are any disciplinary proceedings presently against the applicant and

>(d) the facts and circumstances surrounding any affirmative responses to (a) through (c); and

>(3) upon taking the oath of office, signing the roll of attorneys of that district, and

paying the fee required in that district. Each district retains the right to deny admission based upon the content of the affidavit in response to item (2).

(c) A member in good standing of the bar of any state or of any United States District Court may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion **as described below.**

**After requesting pro hac vice electronic filing privileges through the PACER website, applicants shall electronically file a motion for admission pro hac vice on the court's ECF system and pay the required fee.**

**The motion must be accompanied by** a certificate of the court for each of the states in which the applicant is a member of the bar, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that state court, and an affidavit by the applicant stating

>(**1**) whether the applicant has ever been convicted of a felony,

>(**2**) whether the applicant has ever been censured, suspended, disbarred or denied admission or readmission by any court,

>(**3**) whether there are any disciplinary proceedings presently against the applicant and

>(**4**) the facts and circumstances surrounding any affirmative responses to (a) through (c).

Attorneys appearing for the Department of Justice may appear before the Court without requesting pro hac vice admission. **Such attorneys shall request electronic filing privileges through the PACER website.** Attorneys appearing for other federal agencies must move for pro hac vice admission but the fee requirement is waived and the certificate(s) of good standing may have been issued within one year of filing. Only an attorney who has been so admitted or who is a member of the bar of this Court may enter appearances for parties, sign stipulations or receive payments upon

judgments, decrees or orders.

(d)  If an attorney who is a member of the bar of this Court, or who has been authorized to appear in a case in this Court, changes his or her residence or office address, the attorney shall immediately notify the Clerk of the Court, in addition to serving and filing a notice of change of address in each pending case in which the attorney has appeared.

SO ORDERED

_____
Colleen McMahon
Chief Judge

Dated: New York, New York
       January 2, 2019